# EXHIBIT A

## SALE PROCEDURES

The following procedures (collectively, the "*Sale Procedures*") shall govern the proposed sale (the "*Sale*") of certain of the assets (collectively, the "*Purchased Assets*")[1] of Helios and Matheson Analytics Inc., a/k/a MovieFone, Case No. 20-10242-smb, Zone Technologies, Inc., a/k/a Red Zone, a/k/a Zone Intelligence**,** Case No. 20-10243-smb, and MoviePass, Inc., Case No. 20-10244-smb (collectively, "*Debtors*"), whose cases are pending in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*").  The Purchased Assets will be set forth in a form Contract of Sale acceptable to and provided by the Trustee for the Debtors (the "*Form Contract of Sale*"), and made available to Potential Bidders (as defined below) as set forth below.

These Sale Procedures have been approved and authorized by an order of the Bankruptcy Court (the "*Sale Procedures Order*"), upon the motion of the Trustee dated February 10, 2020 (Doc. No. 17) (the "*Sale Motion*"), which Sale Procedures Order, among other things, (i) approved these Sale Procedures; (ii) approved various forms and the manner of notice of respective dates, times, and places in connection therewith; (iii) scheduled the Auction (as defined below); and (iv) scheduled the Sale Hearing (as defined below) and the objection deadline to the Sale.

To receive copies of the (i) Sale Motion, all other exhibits to the Sale Motion, and/or a confidentiality agreement to become a Potential Bidder (as defined below), or (ii) after a confidentiality agreement has been executed and delivered to the Notice Parties (as defined below), a copy of the Form Contract of Sale, kindly submit a request in writing (email and facsimile requests are acceptable) to counsel for the Trustee, Leslie S. Barr, Esq., Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019 (Telephone: (212) 237-1000, email: lbarr@windelsmarx.com; with copies to the Trustee's financial advisor: Cassel Salpeter & Co., LLC, 801 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: James S. Cassel and Philip Cassel, email: jcassel@cs-ib.com, pcassel@cs-ib.com; or those with PACER accounts may download copies from the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/.

**I.    Due Diligence**

The Trustee will afford interested parties that deliver an executed confidentiality agreement in form and substance acceptable to the Trustee and, at the Trustee's request, financial information that demonstrates such party's ability to submit a bid that complies with the requirements herein and the Sale Procedures Order (each, a "*Potential Bidder*"), the opportunity to conduct reasonable due diligence, subject to parameters and restrictions that the Trustee deems appropriate in its sole discretion.  The due diligence period shall extend through and include the Bid Deadline.

Neither the Trustee nor his advisors shall be obligated to furnish any information of any kind whatsoever relating to the Debtors' assets or liabilities, the Debtors' contracts, or the Debtors to any person or entity (i) that is not a Potential Bidder or Qualified Bidder (as defined

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion and, as applicable, any exhibits thereto.

{11786411:3}

below), (ii) that is not in compliance with the requirements set forth herein and in the Sale Procedures Order or (iii) after the Bid Deadline (as defined below).

## II. Bid Deadline

All Potential Bidders must deliver bids for the Purchased Assets (each a "***Bid***"), so as to be received on or before 5:00 p.m. (prevailing Eastern Time), on March 12, 2020 (the "***Bid Deadline***"), to the Trustee's financial advisor: Cassel Salpeter & Co., LLC, 801 Brickell Avenue, Suite 1900, Miami, FL 33131, Attn: James S. Cassel and Philip Cassel, email: jcassel@cs-ib.com, pcassel@cs-ib.com, with copies provided contemporaneously to counsel to the Trustee: Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019 (Telephone: (212) 237-1000, email: lbarr@windelsmarx.com and anisselson@windelsmarx.com) (collectively, the "***Notice Parties***").

## III. Qualified Bidder Requirement

In order to qualify to submit a Qualified Bid (as defined below) and participate in the Auction, each Potential Bidder must: (i) deliver to the Notice Parties the most current audited (if available) and the latest unaudited financial statements and/or such other financial information evidencing the Potential Bidder's ability to close the Sale within the time period prescribed in the Sale Procedures Order and Form Contract of Sale. In addition, if the Potential Bidder is an entity formed in whole or part for the purpose of acquiring all or part of the Purchased Assets, the Potential Bidder must deliver to the Notice Parties current audited (if available) and the latest unaudited financial statements and/or such other relevant financial information as may be requested by the Trustee of each equity holder of such Potential Bidder, *which equity holders must also guarantee the obligations of such Potential Bidder on terms reasonably acceptable to the Trustee*, evidencing the Potential Bidder's ability to close the Sale within the time period prescribed in the Sale Procedures Order and Form Contract of Sale.

The Trustee shall determine whether a Potential Bidder has complied with the foregoing requirements and has qualified to submit a Qualified Bid and participate in the Auction (each such Potential Bidder, a "***Qualified Bidder***"), and the Trustee shall provide prompt written notice of his determination to any such Potential Bidder.

The Trustee may request additional information from a Potential Bidder or Qualified Bidder at any time prior to the Sale closing in order to evaluate such bidder's ability to bid at the Auction over and above its initial offer in its Qualified Bid, consummate the Sale, and fulfill its obligations in connection therewith. Each Potential Bidder or Qualified Bidder shall be obligated to provide such additional information within two (2) Business Days of receiving such requests as a condition to participating further in the Auction and Sale processes; provided, however, that additional information requests made by the Trustee during the Auction in connection with a Qualified Bidder's ability to continue to bid at the Auction over and above its initial offer in its Qualified Bid shall, in the Trustee's sole discretion, be satisfied prior to such Qualified Bidder submitting any further bids at the Auction. The failure to comply with such requests may disqualify such Potential Bidder or Qualified Bidder.

## IV. Requirements of a Qualified Bid

{11786411:3}  2

A "Qualified Bid" shall mean a bid submitted by a Qualified Bidder that:

A. Is made in writing;

B. Is submitted prior to the Bid Deadline;

C. Includes a minimum purchase price for the Purchased Assets of not less than $500,000.00 for Moviefone, $25,000.00 for Zone Technologies, Inc., and $50,000.00 for Tact.com.

D. Includes a binding, definitive and fully executed asset purchase agreement which (a) shall be in form and substance substantially similar to the Form Contract of Sale, and marked to reflect only those changes required as a condition of such Qualified Bidder's to closing the Sale, (b) shall not contain any provisions entitling such Qualified Bidder to any break-up fee, expense reimbursement or other bid protections of any kind, and (c) otherwise contains terms and conditions that are more favorable to the Trustee than those set forth in the Form Contract of Sale. An asset purchase agreement, together with its schedules and exhibits, submitted in accordance with these Sale Procedures, shall be referred to herein as a "***Qualified Bidder Purchase Agreement***".

E. Provides that the purchase price shall be paid in full in cash at the closing of the Sale;

F. Provides a good faith cash deposit (the "***Good Faith Deposit***") equal to 10% of the value of the Qualified Bidder's total proposed purchase price, which must be equal to or greater than the minimum bid amount set by the Trustee for the Purchased Asset to be auctioned. The Good Faith Deposit shall be paid by wire transfer to the Trustee's account pursuant to instructions to be provided upon request by a Qualified Bidder. The Trustee reserves the right to increase, decrease or waive the Good Faith Deposit for one or more Qualified Bidders in his sole discretion. Such Qualified Bidder's Qualified Bidder Purchase Agreement shall provide that the Good Faith Deposit shall be forfeited to the Trustee in the event of a breach thereof (after giving effect to any applicable notice and cure periods) by such Qualified Bidder.

G. Provides that such bid shall be open and irrevocable until the earlier of:

1. such bid being determined by the Trustee not to be a Qualified Bid;

2. if such bid is not chosen by the Trustee at the Auction to be the Successful Bid or Back-Up Bid (as each such term is defined below), the date of entry by the Bankruptcy Court of an order approving the Sale to another Qualified Bidder ("***Sale Approval Order***");

3. if such bid is chosen by the Trustee to be the Successful Bid, the date which is the earlier to occur of: (i) the closing of the Sale to such Successful Bidder, and (ii) two (2) Business Days following the date the

{11786411:3}                                3

        Sale Approval Order shall have become a final, non-appealable order ("**Final Order**");

    4. if such bid is chosen by the Trustee to be the Back-Up Bid, the date which is the earlier to occur of: (i) the date of closing on the Sale to the Successful Bidder, and (ii) twenty-five (25) Business Days following the date the order approving the Sale to the Successful Bidder shall have become a Final Order; <u>provided</u>, that if the Successful Bidder shall fail to close on its purchase of the Purchased Assets during the period set forth above, (x) the Back-Up Bid shall continue to remain open and irrevocable, (y) the Back-Up Bidder shall be deemed to be the Successful Bidder, and (z) it shall close on the Sale within ten (10) Business Days of becoming the Successful Bidder;

H. (i) Includes an acknowledgement and representation that the Qualified Bidder has had an opportunity to conduct all due diligence regarding the Debtors' assets prior to submitting its bid and that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or assets in making its bid, and (ii) confirms the Qualified Bidder's completion of all due diligence required by such Qualified Bidder in connection with the Sale and does not include any due diligence contingencies;

I. Does not contain any financing contingencies or any other contingencies not set forth in the Form Contract of Sale;

J. Provides evidence of authorization and approval from such Qualified Bidder's board of directors (or comparable governing body) evidencing the authority of the Qualified Bidder to make a binding and irrevocable Qualified Bid and to consummate the Sale if such Qualified Bidder is the Successful Bidder or Back-Up Bidder, as such bid may be improved prior to or at the Auction;

K. Confirms that the Sale will be completed in accordance with the timing set forth in these Sale Procedures;

L. If the Qualified Bidder was formed in whole or part for the purpose of acquiring all or part of the Purchased Assets, provides evidence which is reasonably satisfactory to the Trustee, from each of the equity holders of such Qualified Bidder demonstrating that such Qualified Bidder has, or will have access to, the financial resources needed to consummate the Sale if it becomes the Successful Bidder, and that the use of such resources to consummate the Sale has been authorized and approved by such entity's board of directors (or comparable governing body), provided, that the Trustee reserves the right to limit or waive this requirement for one or more Qualified Bidders in his sole discretion;

M. Certifies that the Qualified Bidder has not, and is not, engaged in any collusion with respect to its bid or the Sale; except that the Trustee may facilitate a

{11786411:3}         4

      submission of a Qualified Bid by one or more unrelated Qualified Bidders or one or more entities may elect to jointly submit a Qualified Bid;

N. Is not conditioned on the receipt of any third party approvals or consents (excluding required Bankruptcy Court approval and required governmental, licensing or regulatory approval or consent, if any) other than third party approvals or consents that are deemed reasonable, as determined by the Trustee; and

O. Sets forth the representatives that are authorized to appear and act on behalf of such Qualified Bidder in connection with the proposed transaction and the Auction.

All Qualified Bids will be considered by the Trustee; bids other than Qualified Bids will not be considered. The Trustee may evaluate bids on numerous grounds, including, but not limited to, any delay, additional risks (including closing risks) and added costs to the Trustee. For the avoidance of doubt, the presence of any governmental, licensing, regulatory or other approvals or consents in a bid or other contingencies, and the anticipated timing or likelihood of obtaining such approvals or consents or resolving such contingencies, may be grounds for the Trustee to determine that such bid (i) is not a Qualified Bid, or (ii) is not higher or otherwise better than any other Qualified Bid.

**V.    Receipt of Qualified Bids**

If the Trustee receives only one (1) Bid that is a Qualified Bid, the Trustee, in his business judgment, shall (i) notify all Potential Bidders and the Bankruptcy Court in writing that (a) the Auction is cancelled, and (b) such Qualified Bid is the Successful Bid, and (ii) the Trustee shall seek authority at the Sale Hearing to consummate the Sale transactions with such Qualified Bidder contemplated by its Qualified Bidder Purchase Agreement.

If the Trustee receives two (2) or more Qualified Bids, the Trustee will conduct an auction (the "*Auction*").

**VI.   Auction Process**

**The Auction, if any, will take place at the offices of Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, 22nd Floor, New York, New York 10019, on March 17, 2020, commencing at 1:00 p.m. (prevailing Eastern Time).**

If the Trustee proceeds with the Auction, the following rules and procedures shall apply (subject to Article X below):

A. Prior to the Auction, the Trustee will select the highest Qualified Bid he has received to serve as the opening bid at the Auction (the "***Baseline Bid***");

B. At least two (2) days prior to the commencement of the Auction, the Trustee will provide all Qualified Bidders (including by email or telefax) with a written notice

   identifying all of the Qualified Bidders and which Qualified Bid has been chosen as the Baseline Bid;

C. Only a Qualified Bidder, and its representatives and advisors, who has submitted a Qualified Bid shall be eligible to attend and make any subsequent bids at the Auction.  Each Qualified Bidder must appear in person or by telephone, or through a duly authorized representative who has the legal authority to bind the Qualified Bidder at the Auction (and who must provide the Trustee with written evidence of such authority prior to the Auction which is reasonably satisfactory to the Trustee), or they shall not be entitled to attend or participate at the Auction;

D. All Qualified Bids shall be placed on the record at the Auction, which may be transcribed, videotaped or audiotaped in the discretion of the Trustee;

E. Each Qualified Bidder will have the right to make additional modifications or improvements to its Qualified Bidder Purchase Agreement, that make its bid higher or otherwise better, at any time, prior to, or during, the Auction which are consistent with these Sale Procedures and the Sale Procedures Order;

F. Bidding shall commence at the Baseline Bid.  The first overbid at the Auction (the "***Minimum Initial Overbid***") shall be in an amount not less than the amount of the Baseline Bid received for each Purchased Asset plus (i) $25,000.00 for Moviefone, (ii) $5,000.00 for Zone Technologies, Inc., and (iii) $5,000.00 for Tact.com (each, an "***Overbid Amount***").  Thereafter, a Qualified Bidder may increase its Qualified Bid in any amount as long as each subsequent bid (each, a "***Subsequent Overbid***") exceeds the previous highest bid by at least the Overbid Amount for each Purchased Asset.

G. Each bid made by a Qualified Bidder at the Auction must continue to meet, satisfy or comply with the requirements of a Qualified Bid, other than those applicable to the submission of an initial Qualified Bid;

H. The Auction will continue with each Qualified Bidder submitting additional Subsequent Overbids in each round of bidding, after being advised of the terms of the then highest bid and the identity of the Qualified Bidder who made such bid, in each round of bidding.  Each Qualified Bidder must bid in each round or it shall be disqualified from further bidding at the Auction;

I. The Auction will conclude when the Trustee determines, in the Trustee's business judgment, that he has received the highest or otherwise best offer from a Qualified Bidder (the "***Successful Bid***").  The next highest or otherwise best Qualified Bid submitted at the Auction, as determined by the Trustee, shall be the "***Back-Up Bid***".  The Qualified Bidder submitting the Successful Bid shall be the "***Successful Bidder***" and the Qualified Bidder submitting the Back-Up Bid shall be the "***Back-Up Bidder***".  In making these decisions, the Trustee will consider, without limitation, (i) the amount of the purchase price offered, (ii) the form of consideration offered, (iii) the Qualified Bidder's ability to close the Sale at the

   amount of its last bid made at the Auction and the timing thereof, (iv) indicia of good faith on the part of the Qualified Bidder, (v) the terms and conditions of the Qualified Bidder Purchase Agreement, and (vi) the net benefit to the Debtors' estates;

J. Prior to the conclusion of the Auction, the Trustee and the Successful Bidder shall enter into a definitive agreement acceptable to the Trustee, based upon the Successful Bidder's Qualified Bidder Purchase Agreement previously submitted by the Successful Bidder and will make all related revisions to the proposed order approving the Sale to the Successful Bidder, in each case to reflect the results of the Auction.

K. All Qualified Bids shall remain open and irrevocable for the time periods set forth in <u>Article IV(G)</u> above;

L. Following the Auction, the Trustee will promptly file with the Bankruptcy Court a supplement (the "***Supplement***") that will inform the Bankruptcy Court of the results of the Auction. The Supplement will identify, among other things, (i) the Successful Bidder as the proposed purchaser of the Purchased Assets, and (ii) the amount to be paid by the Successful Bidder for the Purchased Assets. The Supplement will also include similar information relating to the Back-Up Bidder and the Back-Up Bid. In addition, the Trustee will attach to the Supplement (i) any revised proposed order approving the Sale to the Successful Bidder, (ii) a copy of the Bidder Purchase Agreement entered into by the Trustee and the Successful Bidder following the Auction, and (iii) any additional information or documentation relevant to the Successful Bid. The Trustee will file the Supplement on the docket for the Debtors' cases as promptly as is reasonably practicable prior to the Sale Hearing, but will not be required to serve the same on any parties-in-interest in the Debtors' cases;

M. If, after an order is entered by the Bankruptcy Court at the Sale Hearing approving the Successful Bid, the Successful Bidder shall fail to close the Sale as set forth below because of a breach on the part of the Successful Bidder (after giving effect to any applicable cure periods or waivers), (i) the Back-Up Bidder shall automatically, and without the need for any action by the Trustee or the Bankruptcy Court, be deemed to be the Successful Bidder, (ii) the Back-Up Bid shall be deemed to be the Successful Bid, and (iii) the Trustee and Back-Up Bidder shall close the Sale within ten (10) Business Days following the date the Back-Up Bidder becomes the Successful Bidder, without the necessity of obtaining any further order of the Bankruptcy Court; and

N. The Trustee reserves the right, in his business judgment, to make one or more adjournments to, or cancel, the Auction or these Sale Procedures to, among other things: (i) facilitate discussions between the Trustee, on the one hand, and one or more Qualified Bidders, on the other hand, (ii) allow the Trustee and/or Qualified Bidders to consider how they wish to proceed, (iii) give Qualified Bidders the opportunity to provide the Trustee with such additional documentation or

information as the Trustee in his business judgment may require to determine such Qualified Bidder's ability to close the Sale, or (iv) facilitate higher or better bids.

## VII. Sale Hearing and Closing

The hearing to approve the Sale (the "*Sale Hearing*") shall take place in Courtroom 723 of The Honorable Stuart M. Bernstein, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 no later than March 19, 2020, at 10:00 a.m. (prevailing Eastern Time). Following the conclusion of the Auction, with the consent of the Successful Bidder, or as otherwise directed by the Bankruptcy Court, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the docket for the Debtors' cases. At the Sale Hearing, the Trustee shall present the Successful Bid(s) to the Bankruptcy Court for approval. The closing on the Sale with the Successful Bidder(s) shall occur not later than 15 days after a Sale Approval Order is entered or within 48 hours of entry of the Sale Approval Order if the Bankruptcy Court waives the requirements of Bankruptcy Rule 6004(h).

## VIII. Failure to Consummate Purchase

Following entry by the Bankruptcy Court of an order authorizing the Sale to the Successful Bidder, if the Successful Bidder fails to consummate the Sale, and such failure is the result of a breach by the Successful Bidder of its obligations under its Qualified Bidder Purchase Agreement, the Successful Bidder's Good Faith Deposit shall be forfeited to the Trustee as liquidated damages in accordance with the terms of such agreement. If the Back-Up Bidder is later designated by the Trustee to be the Successful Bidder, the foregoing shall be read to apply to the Back-Up Bidder (and its guarantors, if any) in its capacity as the Successful Bidder.

## IX. Good Faith Deposits

The Trustee shall return the Good Faith Deposits (without interest) of all Qualified Bidders, other than the Successful Bidder and the Back-Up Bidder, within five (5) Business Days following entry by the Bankruptcy Court of an order authorizing the Sale to the Successful Bidder.

Subject to Article VIII, the Good Faith Deposit of the Successful Bidder shall be applied to, and deducted from, the Successful Bidder's obligations under the Successful Bid at the closing of the Sale.

The Good Faith Deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder (with interest thereon at the rate specified, if any, in the escrow agreement) within five (5) Business Days following the date its bid is no longer required to be open and irrevocable as set forth in Article IV(G). If the Back-Up Bidder is subsequently designated by the Trustee as the Successful Bidder as a result of the failure of the Successful Bidder to close on the Sale within the time period set forth in Article IV(G), the Back-Up Bidder shall be deemed to be the Successful Bidder and the Trustee and the Back-Up Bidder shall close the Sale within ten (10) Business Days of the Back-Up Bidder becoming the Successful Bidder. Subject to Article VIII, the Good Faith Deposit of the Back-Up Bidder shall be held in the Trustee's accounts for the

Debtors' estates until such closing and applied (without interest) to its obligations at the closing of the Sale. The Trustee reserves all of his rights regarding the return of all Good Faith Deposits, and the failure by the Trustee to timely return any deposit(s) shall not serve as a claim for breach of any bid(s) or create any default in favor of any bidder(s).

**X.    Reservation of Rights**

The Trustee is authorized to amend and modify these Sale Procedures to impose additional terms and conditions on the proposed Auction and Sale of the Purchased Assets, or to modify or eliminate any of the terms and conditions contained herein if, (i) in the Trustee's reasonable judgment, such modifications would be in the best interest of the Debtors' estates and promote an open and fair sale Auction and Sale process, and (ii) such modifications and/or additional terms and conditions are not materially inconsistent with the provisions of the Sale Procedures Order. Notwithstanding anything herein to the contrary, the Trustee may consider and accept bids from a single Qualified Bidder or from multiple Qualified Bidders for less than all or substantially all of the Purchased Assets.