CHIESA SHAHINIAN & GIANTOMASI PC
11 Times Square, 31st Floor
New York, NY 10036
Telephone: (212) 324-7256
Attorneys Appearing: Frank Peretore (fperetore@csglaw.com)
　　　　　　　　　　　Terri Jane Freedman (tfreedman@csglaw.com)

*And*

STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612.335.1426
Attorney Appearing: Drew J. Glasnovich, Esq.(drew.glasnovich@stinson.com)
*Pro Hac Vice Admission Pending*

*Attorneys for KLDiscovery, LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HELIOS AND MATHESON ANALYTICS, INC., *a/k/a MovieFone*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 20-10242- smb<br><br>(Jointly Administered) |

**MOTION OF KLDISCOVERY, LLC FOR AN ORDER
DEEMING PROOF OF CLAIM AS TIMELY FILED**

KLDiscovery, LLC ("*KLDiscovery*"), by and through its undersigned attorneys, filed this motion for entry of an order deeming its proof of claim as timely filed (the "*Motion*"), and respectfully states as follows:

---

[1] The Debtors in the jointly administered Chapter 7 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Helios and Matheson Analytics, Inc., a/k/a MovieFone (9913), Zone Technologies, Inc., a/k/a Red Zone, a/k/a Zone Intelligence, (5124), and MoviePass, Inc. (9893).

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought is 11 U.S.C. §§ 105(a) and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3002(c)(6) and 9006(b)(3).

## BACKGROUND

2. The Debtor filed for relief under chapter 7 of title 11 of the United States Code on January 28, 2020 (the "*Petition Date*").

3. KLDiscovery offers its clients, including the Debtor, data collection and forensic investigation services, early case assessment, electronic discovery and data processing, application software and data hosting for web-based document reviews, and managed document review services.

4. Along with its petition for relief, the Debtor filed its creditor matrix as required by Bankruptcy Rule 1007(a) (the "*Creditor Matrix*").

5. KLDiscovery is not listed on the Creditor Matrix.[2]

6. On January 29, 2020, Alan Nisselson was appointed as chapter 7 trustee in this case (the "*Trustee*").

7. On February 27, 2020, the Trustee filed his Notice of Possible Payment of Dividend and of Last Date to File Claims ("*Bar Date Notice*").[3]

8. KLDiscovery is not listed on the multiple certificates of service serving the Bar Date Notice as having been served with the Bar Date Notice.[4]

---

[2] See ECF NO. 1 at 85-98.
[3] ECF Nos. 38 & 39; see also ECF No. 93.

9. Except as set forth below, KLDiscovery has not receive notice by mail or otherwise of the section 341 meeting of creditors or the Bar Date Notice.

10. On February 13, 2020, Douglas Chalke, an associate at the law firm Morvillo Abramowitz Grand Iason & Anello PC, emailed Moria Sweazey, Senior Project Manager for KLDiscovery regarding their work on a database and discovery project. Mr. Chalke noted in that email that the Debtor had filed for bankruptcy but provided no further details.[5]

11. Subsequent to the Petition Date, Shea Orlando, a member of the accounts receivable team for KLDiscovery corresponded with representatives from the Trustee's office regarding the existence of the bankruptcy case.[6]

12. Neither Moria Sweazey nor Shea Orlando are responsible as part of their job duties for bankruptcy or insolvency related issues. Likewise, none of these individuals are designated agents for legal notices or service of process.[7]

13. In October 2020, the accounts receivable team escalated the Debtor's account to KLDiscovery's legal department.[8] Gideon Kaplan, commercial counsel for KLDiscovery, undertook an investigation and discovered, among other things, that the Debtor had filed for bankruptcy and that a claims bar date had been established.[9]

14. Mr. Kaplan contacted the Trustee and was informed on October 30, 2020 that the Trustee would not accommodate KLDiscovery's late filed claim.[10]

---

[4] ECF Nos. 38-1; 51; 93.
[5] See Declaration of Gideon Kaplan ("*Kaplan Dec.*") ¶ 6.
[6] Kaplan Dec. ¶ 7.
[7] Kaplan Dec. ¶ 8.
[8] Kaplan Dec. ¶ 10.
[9] Kaplan Dec. ¶ 11.
[10] Kaplan Dec. ¶ 12.

15. On February 8, 2021, KLDiscovery filed its proof of claim on the website of Debtors' claims agent, KCC. As of the time of filing, no claim number had been assigned yet.

**REQUEST FOR RELIEF**

16. KLDiscovery requests that its Proof of Claim be deemed timely filed pursuant to Bankruptcy Rule 3002(c)(6) because KLDiscovery was not listed on the creditor matrix and did not receive notice of the bar date until after the expiration of the claims-filing period.

**BASIS FOR RELIEF**

17. A bankruptcy court is permitted to extend the deadline to file a proof of claim if notice of the bar date "was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)."[11]

18. While relatively few cases exist that interpret Fed. R. Bankr. P. 3002(c)(6)(1), at least one court noted that the "intent of Congress is best effectuated by reading this rule to apply whenever the debtor fails to timely file a full and complete Creditor Matrix."[12]

19. KLDiscovery was not included in the creditor matrix or on mailings in this case. As a result, KLDiscovery never received formal notice of the bankruptcy case and received no notice of the bar date until its commercial legal counsel became involved and discovered the bar date in October 2020.

---

[11] Fed. R. Bankr. P. 3002(c)(6)(1).

[12] *In re Vanderpol*, 606 B.R. 425, 432 (Bankr. D. Colo. 2019); *see also In re Mazik*, 592 B.R. 812, 819 (Bankr. E.D. Pa. 2018) ("Notice to Chicago Title of the deadline for filing a proof of claim was insufficient (indeed, there was no notice at all to Chicago Title) because the Debtor failed to include Chicago Title on the list of creditors required by Rule 1007(a).")

4
4833-7307-2603.v1

20. KLDiscovery obtained notice of the bar date only *after* the deadline had expired. This notice is "insufficient" under the circumstances and justifies the relief permitted by Fed. R. Bankr. P. 3002(c)(6).

21. In attempts to resolve the dispute prior to filing the motion, KLDiscovery understands that the Trustee believes that the general knowledge of the bankruptcy acquired by KLDiscovery's employees delivered sufficient notice of the bar date.

22. Courts general find that an agent's knowledge of a bankruptcy filing is imputed on the principal only if the scope of the agency is somehow related to the bankruptcy.[13] The classic application of this doctrine occurs when notice of a bankruptcy filing is sent to non-bankruptcy legal counsel.[14]

23. When applied more generally to non-attorney agents, the rule becomes more intuitive: "knowledge of agent may be imputed to principal where agent acquired knowledge when acting within the scope of his authority and knowledge pertains to matters within the scope of agent's authority."[15]

24. While it is true that KLDiscovery's employees learned of the bankruptcy during the course of their employment, the knowledge obtained did not relate to the scope of their employment. More importantly, the knowledge of the chapter 7 bankruptcy generally was not sufficient to convey the specific urgency created by the bar date.

---

[13] *In re Najjar*, No. 06-01955 (AJG), 2007 WL 1395399, at *4 (Bankr. S.D.N.Y. May 11, 2007) ("In bankruptcy cases, however, courts have held that notice served on a creditor's nonbankruptcy attorney imputes notice to the creditor 'so long as there is a *nexus* between the creditor's retention of the attorney and the creditor's claim against the debtor.'").

[14] *In re Savage*, 167 B.R. 22, 26 (Bankr. S.D.N.Y. 1994) ("It is settled that notice of the filing of a bankruptcy case sent to a creditor's attorney, will be binding on that creditor where the attorney has been retained to collect the debt scheduled in the bankruptcy petition.").

[15] *In re Savage*, 167 B.R. 22, 26 (citing *Curtis, Collins & Holbrook Co. v. United States*, 262 U.S. 215, 222, 43 S.Ct. 570, 572, 67 L.Ed. 956 (1923).

**WHEREFORE**, KLDiscovery requests that the Court enter an order deeming its Proof of Claim as timely filed pursuant to Fed. R. Bankr. P. 3002(c)(6).

DATED: New York, New York
          February 8, 2021

CHIESA SHAHINIAN & GIANTOMASI PC

By:   */s/ Frank Peretore*
    Frank Peretore, Esq. (fperetore@csglaw.com)
    Terri Jane Freedman (tfreedman@csglaw.com)
    11 Times Square, 31st Floor
    New York, NY 10036
    Telephone: (212) 324-7256

    - And -

Drew J. Glasnovich, Esq.
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
*Pro Hac Vice Admission Pending*

*Attorneys for KLDiscovery, LLC*