**UNITED STATES BANKRUPTCY COURT**                    **FOR PUBLICATION**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re:                                                        Chapter 7


HELIOS AND MATHESON ANALYTICS,                                Case No. 20-10242 (DSJ)
INC. *et al.*, [1]

                                                             (Jointly Administered)

                                    Debtors.


-----------------------------------------------------------x

## MEMORANDUM OF DECISION AND ORDER GRANTING MOTION FOR AN ORDER DEEMING PROOF OF CLAIM AS TIMELY FILED


**A P P E A R A N C E S :**

**CHIESA SHAHINIAN & GIANTOMASI PC**
*Counsel for KLDiscovery Ontrack, LLC*
11 Times Square
31st Floor
New York, NY 10036
By:    Frank Peretore, Esq.
       Terri Jane Freedman, Esq.


**STINSON LLP**
*Counsel for KLDiscovery Ontrack, LLC*
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
By:    Drew J. Glasnovich, Esq.


**WINDELS MARX LANE & MITTENDORF, LLP**
*Counsel for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, NY 10019
By:    Ben J. Kusmin, Esq.

---

[1]    The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Helios and Matheson Analytics, Inc., a/k/a MovieFone (9913); Zone Technologies, Inc. a/k/a Red Zone, a/k/a Zone Intelligence (5124); and MoviePass, Inc. (9893).

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

KLDiscovery Ontrack, LLC d/b/a/ KLDiscovery[2] ("**KLDiscovery**"), a creditor in the

above-captioned proceeding, has moved for entry of an order deeming its proof of claim timely

filed pursuant to Rule 3002(c)(6)(A) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**").  *See* ECF No. 137 (the "**Motion**").  KLDiscovery's claim sought

compensation for pre-petition electronic discovery services that it provided to one or more of the

debtors in this proceeding (each, a "**Debtor**" and, collectively,  the "**Debtors**")[3]; as is discussed

below, KLDiscovery was not included in the Debtors' creditor matrixes (each, a "**Creditor**

**Matrix**") and did not receive formal notice of the claim bar date (the "**Bar Date**"), although

some KLDiscovery employees did receive communications referencing the bankruptcy before

the Bar Date expired.  *See, e.g.,* Motion ¶ 10.  The Chapter 7 Trustee (the "**Trustee**"), Alan

Nisselson, opposes KLDiscovery's request, asserting that KLDiscovery is not entitled to relief

under Bankruptcy Rule 3002(c)(6)(A), and that the proof of claim should instead remain

classified as late-filed pursuant to 11 U.S.C. §§ 502(b)(9) and 726(a)(3).  *See* Trustee's

Opposition to Motion of KLDiscovery, LLC for an Order Deeming Proof of Claim as Timely

Filed [ECF No. 145] (the "**Opposition**") at 2.

---

[2]    As explained in KLDiscovery's *Reply in Support of Motion of KLDiscovery, LLC for an Order Deeming Proof of Claim as Timely Filed* [ECF No. 147] (the "**Reply**"), the Motion and proof of claim no. 142 erroneously refer to the creditor as KLDiscovery, LLC.  *See* Reply at 2 n.1.

[3]    KLDiscovery filed proof of claim no. 142 as a general unsecured claim asserted in the amount of $247,507.05 against Debtor Helios in connection with "Relativity hosting and other electronic discovery services" that were provided pre-petition.  Proof of Claim No. 142.  To "reflect the proper entity name" for the creditor, KLDiscovery subsequently filed proof of claim no. 144 to amend and supersede proof of claim no. 142.  Reply at 2 n.1; *see also* Proof of Claim No. 144 at 4 (noting that the claim amends proof of claim no. 142, dated Feb. 8, 2021).  Accordingly, for purposes of this decision, all references to KLDiscovery's proof of claim are to proof of claim no. 144.

For the reasons set forth below, the Court grants the Motion. In brief, KLDiscovery was a known creditor whose omission from the Debtors' Creditor Matrix caused KLDiscovery not to receive formal bankruptcy notices including of the Bar Date, and, although each Debtor filed a Creditor Matrix that purported to comply with the requirements of the Bankruptcy Code and Rules, the omission of KLDiscovery rendered the Creditor Matrix noncompliant with Bankruptcy Rule 1007(a) as to that creditor. This failure makes potentially available the extension of time to file a claim that KLDiscovery seeks, but, as the governing rule puts it, only if KLDiscovery received notice that was "insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)." Fed. R. Bankr. P. 3002(c)(6)(A). Determining whether KLDiscovery received notice that was "insufficient under the circumstances" requires consideration of communications that the Trustee asserts afforded "actual notice" to KLDiscovery notwithstanding the lack of formal bankruptcy court notices. The Court concludes that those communications did not provide sufficient notice, and that, accordingly, relief under Bankruptcy Rule 3002(c)(6)(A) is warranted.

## BACKGROUND

### A. **The Chapter 7 Proceedings**

On January 28, 2020 (the "**Petition Date**"), Helios and Matheson Analytics, Inc. a/k/a MovieFone ("**Helios**") and certain of its affiliates filed voluntary petitions (each, a "**Petition**") for Chapter 7 relief. *See* Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy [ECF No. 1]; Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy [Case No. 20-10243, ECF No. 1]; Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy [Case No. 20-10244, ECF No. 1]. On the day after the filing, Alan Nisselson was appointed

3

Chapter 7 Trustee in these proceedings (the "**Trustee**"). The Debtors' bankruptcy cases are procedurally consolidated and jointly administered. *See* Order Directing Joint Administration and Procedural Consolidation and Granting Related Relief [ECF No. 16].

Each Debtor attempted to comply with Bankruptcy Rule 1007(a) by filing a Creditor Matrix in conjunction with its respective Petition, purporting to set forth "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1); *see, e.g.*, Chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy at 84–98 (copy of Helios's Creditor Matrix); *see also In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), 2021 WL 28072, at *6 n.18 (Bankr. S.D.N.Y. Jan. 2, 2021) (noting that the "list of creditors" provided for under Bankruptcy Rule 1007(a)(1) is "commonly referred to as the 'Creditor Matrix,' and is distinct from a debtor's schedules") (citation omitted).

As the Trustee acknowledges, KLDiscovery, a creditor of Helios, was "not listed in the schedules of creditors, nor in the creditor mailing matrix subsequently used to send notices to creditors," and, accordingly, KLDiscovery did not receive notice of the relevant Petition's filing or the meeting of creditors pursuant to 11 U.S.C. § 341. Declaration of Ben J. Kusmin in Opposition to Motion of KLDiscovery, LLC for an Order Deeming Proof of Claim as Timely Filed [ECF No. 145-1] ("**Kusmin Decl.**") ¶ 4; *see* Opposition ¶ 15 (noting that KLDiscovery did not receive notice of the Section 341 "meeting of creditors").

### B. <u>The Bar Date and Related Bar Date Notice</u>

At the Trustee's request, the Court entered the *Notice of Possible Payment of Dividends and of Last Date to File Claims* [ECF No. 39] (the "**Bar Date Notice**"), establishing June 1, 2020 as the Bar Date, the last day for creditors to file a proof of claim. *See* Trustee's Request for Clerk's Entry of Notice of Possible Dividends [ECF No. 36]. Specifically, the Bar Date Notice

states that claims must be filed "on or before June 1, 2020" in order to share in any distribution regardless of "whether or not the debt is included in the list of creditors filed by the debtor."  Bar Date Notice at 1.

The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC ("**KCC**"), served the Bar Date Notice upon, among others, the notice parties listed in the related affidavits or certificates of service (collectively, the "**Certificates of Service**").  *See* Affidavit of Service [ECF No. 42], Ex. F (service list for the Bar Date Notice); Supplemental Certificate of Service [ECF No. 93], Ex. C (supplemental service list for the Bar Date Notice).  KLDiscovery is not listed in any Certificate of Service as having received notice of the Bar Date, which the Trustee does not dispute.  *See* Affidavit of Service [ECF No. 42], Ex. F; Supplemental Certificate of Service [ECF No. 93], Ex. C; *see also* Kusmin Decl. ¶ 5 (noting that KLDiscovery did not contact the Court or KCC to request, among other things, that it receive notice of the Bar Date).

## C. Events Leading to the Filing of KLDiscovery's Late-Filed Proof of Claim

Prior to the Petition Date, KLDiscovery provided electronic discovery services to Debtor Helios relating to an investigation conducted by the U.S. Attorney's Office for the Eastern District of New York (the "**EDNY Discovery Project**") involving the production of documents to the Department of Justice and the Securities Exchange Commission.  Kusmin Decl. ¶ 3; Opposition ¶ 1; *see also* Proof of Claim No. 144 (stating that the claim is asserted in connection with "Relativity hosting and other electronic discovery services").

As early as February 2020, and thus well before the June 1 Bar Date, certain KLDiscovery employees received email communications in connection with their work on the EDNY Discovery Project that referenced the Debtors' bankruptcy.  *See* Motion ¶ 24 ("[I]t is true that KLDiscovery's employees learned of the bankruptcy during the course of their

5

employment."). Specifically, at least two KLDiscovery employees who were working with

non-bankruptcy counsel for one or more debtors on the EDNY Discovery Project received

written or electronic communications that included references to the Debtors' bankruptcy filing.

Some of these communications included counsel to the Trustee. *See* Declaration of Gideon

Kaplan in Support of Motion for an Order Deeming Proof of Claim as Timely Filed [ECF No.

139] (the "**Kaplan Decl.**") ¶ 6 (stating that the Debtors' non-bankruptcy counsel corresponded

with KLDiscovery's senior project manager, Moira Sweazey, on Feb. 13, 2020 concerning the

EDNY Discovery Project, noting "in that email that the Debtor had filed for bankruptcy, but

provided no further details"); Kusmin Decl., Ex. A at 6 (copy of email correspondence between

the Debtors' non-bankruptcy counsel, KLDiscovery's senior project manager, and counsel to the

Trustee, Karen Cullen, on Feb. 14, 2020, concerning the production of documents in connection

with the Debtors' bankruptcy proceedings); *id.* at 5 (correspondence from counsel to the Trustee

to Sweazey on Feb. 18, 2020, stating that the transferred documents would be included on a

"review platform [that] the Trustee will be setting up"); *id.* at 1 (correspondence from counsel to

the Trustee to Sweazey and KLDiscovery employee Elizabeth Ashley on Feb. 23, 2020

regarding "Debtors' e-Discovery vendor"); *id.* (correspondence from Ashley (in Sweazey's

absence) to counsel to the Trustee on Feb. 23, 2020).

KLDiscovery does not deny that some of its employees who were tasked with working on

the EDNY Discovery Project received these communications referencing the bankruptcy, but

KLDiscovery represents that "no *senior* employee with decision making concerning a

bankruptcy or agent of KLDiscovery was aware of the [Bar Date]" prior to its expiration.

Kaplan Decl. ¶ 13 (emphasis added). A KLDiscovery accounts receivable employee, Shea

Orlando, "first learned of the bankruptcy filing . . . on or about October 15, 2020," while an

associate general counsel of KLDiscovery attests that the company's "accounts receivable team escalated the Debtor's account to KLDiscovery's legal department," and then, on October 19, Orlando "contacted the Trustee in this matter to inquire about outstanding invoices . . . including [for] work continuing through October 12, 2020. . . ."  Declaration of Shea Orlando in Support of Motion for an Order Deeming Proof of Claim as Timely Filed [ECF No. 147-1] ("**Orlando Decl.**") ¶¶ 1, 3; Kaplan Decl. ¶ 10; *see also* Orlando Decl. ¶ 4 (stating that Orlando's role in accounts receivable is focused on pursuing collections of past due invoices and that, while Orlando does "escalate problem accounts to management," Orlando generally does not "engage with accounts that are in bankruptcy or insolvency").

Also in October 2020, the KLDiscovery legal department investigated and confirmed that Debtor Helios had indeed filed for bankruptcy, and that a Bar Date had been established.  Kaplan Decl. ¶¶ 10–11.  Accordingly, the associate general counsel, Gideon Kaplan, contacted the Trustee and was informed on October 30, 2020, that the Trustee "would not consent to KLDiscovery's late filed claim."  Kaplan Decl. ¶ 12; *see also* Kusmin Decl., Ex. B (copy of correspondence from counsel to the Trustee to Shea Orlando, dated October 30, 2020, stating that the Trustee would not pay outstanding pre-petition invoices due to expiration of the Bar Date and outstanding post-petition invoices as the Trustee had "no obligation or authority to pay . . . post-petition amounts").

Notwithstanding the Trustee's stated position, on February 8, 2021, KLDiscovery filed proof of claim no. 142 in the general unsecured amount of $247,507.05 against Debtor Helios for outstanding pre-petition invoices relating to "Relativity hosting and other electronic discovery services."  Proof of Claim No. 142.  As noted, KLDiscovery subsequently amended this claim on

March 5, 2021, solely to "reflect the [creditor's] proper entity name," KLDiscovery Ontrack,

LLC.  Reply at 2 n.1; *see also* Proof of Claim No. 144 (amended proof of claim).

### D.  **KLDiscovery's Motion**

On the same day it filed its proof of claim, KLDiscovery also filed the Motion, seeking

entry of an order deeming its proof of claim timely filed pursuant to Bankruptcy Rule 3002(c)(6)

"because KLDiscovery was not listed on the Creditor Matrix and did not receive notice of the bar

date until after the expiration of the claims-filing period."  Motion ¶ 16.

The Trustee opposes the Motion, asserting that the claim should be classified as late-filed

pursuant to Section 502(b)(9) of the Bankruptcy Code and entitled only to third-priority

distributions under Section 726(a)(3).  Opposition ¶ 22.  The Trustee maintains that the plain

language of Bankruptcy Rule 3002(c)(6)(A) precludes allowing the relief sought because

Debtors filed a Creditor Matrix, albeit one that omitted KLDiscovery; further, the Trustee argues

that KLDiscovery's employees' receipt of communications referencing the bankruptcy are

imputable to the company under general principles of agency law, and that KLDiscovery thus

had "actual knowledge" of the bankruptcy prior to the expiration of the Bar Date, precluding

granting relief under Bankruptcy Rule 3002(c)(6)(A).  Opposition ¶¶ 11–20.  Finally, the Trustee

objects that deeming KLDiscovery's proof of claim timely filed would dilute distributions to

other creditors and thereby prejudice them.  *See id.* ¶ 21.

KLDiscovery's reply, supported by additional sworn statements, argues that the

knowledge of employees who learned of the bankruptcy before the Bar Date while they were

working on the EDNY Discovery Project did not give rise to imputable "actual knowledge" of

the bankruptcy for bar date purposes, because the relevant employees' duties were unrelated to

KLDiscovery's response to the bankruptcy.  *See* Reply ¶¶ 3–9.  KLDiscovery also argues that the

Trustee's reading of Bankruptcy Rule 3002(c) would defeat the purpose of the rule by effectively excusing the requirement to file proper creditor matrixes. *See id.* ¶¶ 10–14.

The Court heard argument on March 10, 2021.

## DISCUSSION

To resolve the Motion, the Court must first determine whether Bankruptcy Rule 3002(c)(6)(A) permits providing relief where a debtor filed a creditor matrix, albeit an incomplete one; if not, KLDiscovery's motion would fail. The case law on this question is divided and does not include any on-point rulings from this District. Because the Court concludes that Bankruptcy Rule 3002(c)(6)(A) permits providing relief in appropriate circumstances notwithstanding the filing of an incomplete matrix, the Court proceeds to consider, as the rule puts it, whether KLDiscovery received sufficient notice "under the circumstances" to give KLDiscovery "reasonable time" to file its claim. Fed. R. Bankr. P. 3002(c)(6)(A). The parties' submissions show that KLDiscovery received insufficient notice, and therefore is entitled to the extension that its Motion seeks.

A. The Timely Filing of an Incomplete Creditor Matrix Does Not Foreclose Granting Relief Under Bankruptcy Rule 3002(c)(6)(A) to an Omitted Creditor

In a voluntary Chapter 7 case, Bankruptcy Rule 3002(c) provides that a proof of claim is "timely filed if it is filed not later than 70 days after the order for relief," with later deadlines possible pursuant to seven enumerated exceptions. Fed. R. Bankr. P. 3002(c). Of these, the only exception that may apply here is Bankruptcy Rule 3002(c)(6), which provides that "[o]n motion filed by a creditor . . . after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion" in certain circumstances. Fed. R. Bankr. P. 3002(c)(6); *see also* Fed. R. Bankr. P. 9006(b)(3) (stating that a court may "enlarge the time for taking action" under Bankruptcy Rule 3002(c)

"only to the extent and under the circumstances stated in [that rule]").  Specifically, a motion

brought under Bankruptcy Rule 3002(c)(6) may be granted if a court finds that "the notice was

insufficient under the circumstances to give the creditor reasonable time to file a proof of claim

because the debtor failed to timely file the list of creditors' names and addresses required by

[Bankruptcy] Rule 1007(a)."  Fed. R. Bankr. P. 3002(c)(6)(A).

By its plain terms, then, Bankruptcy Rule 3002(c)(6)(A) allows relief from the otherwise

applicable bar date only if a creditor receives insufficient notice and did not have reasonable time

to file a proof of claim "because" the debtor failed to file the creditor list "required by

[Bankruptcy] Rule 1007(a)."  Fed. R. Bankr. P. 3002(c)(6)(A).  The Trustee argues that because

the Debtors did timely file creditor matrixes under Bankruptcy Rule 1007(a), relief under

Bankruptcy Rule 3002(c)(6)(A) is unavailable notwithstanding that the filed creditor list omitted

KLDiscovery.  *See* Opposition ¶¶ 13–14 (citing *Schlant v. FDIC*, 248 B.R. 32, 35 (W.D.N.Y.

2000), and *In re Gaffney*, Case No. 19-71492, 2020 Bankr. LEXIS 2585, *20-21, 2020 WL

6066004 (Bankr. C.D. Ill. Sept. 29, 2020)).

Courts have disagreed whether the filing of any matrix bars use of Bankruptcy

Rule 3002(c)(6)(A) to extend the time to file a claim for a creditor that failed to receive notice

due to an error in the matrix.  Cases that have held or stated in dicta that relief under Bankruptcy

Rule 3002(c)(6)(A) is not available to such a creditor include *Gaffney*, 2020 WL 6066004, at *8

("Insufficient notice alone does not compel an extension under the Rule; an extension may be

granted only if the insufficient notice was due to the failure to file a mailing matrix"); *In re

Somerville*, 605 B.R. 700, 706-07 (Bankr. D. Md. 2019); *In re Wulff*, 598 B.R. 459, 465 (Bankr.

E.D. Wis. 2019) (concluding that relief was not available under Bankruptcy Rule 3002(c)(6)

where a debtor filed a creditor matrix on the petition date, notwithstanding that it included an

"invalid address" for creditor); *In re Bales*, No. 18-52257, 2019 WL 3436870, at *1 (Bankr. E.D. Ky. July 30, 2019); *In re Fryman*, No. 18-20660, 2019 WL 2612763, at *3 (Bankr. E.D. Ky. July 24, 2019), *as amended* (July 24, 2019). Other courts have granted relief under Bankruptcy Rule 3002(c)(6)(A) based on faulty rather than non-existent matrixes. *See In re Mazik*, 592 B.R. 812, 819 (Bankr. E.D. Pa. 2018) (granting relief to creditor that received "no notice at all" because "the Debtor failed to include [the creditor] on the list of creditors required by Rule 1007(a)"); *In re Fitzgerald*, No. 8:19-BK-07741-RCT, 2020 WL 574973, at *4 (Bankr. M.D. Fla. May 18, 2020) ("And when that failure results in a lack of sufficient notice so as to deny a creditor a reasonable period in which to file its proof of claim, Rule 3002(c)(6) provides the court with discretion to extend the bar date as to that creditor"); *In re Curtin*, No. 8:19-BK-02502-RCT, 2020 WL 5745937, at *4 (Bankr. M.D. Fla. March 10, 2020); *In re Vanderpol*, 606 B.R. 425 (Bankr. D. Colo. 2019). *Schlant*, relied on by the Trustee, does not discuss Bankruptcy Rule 3002(c)(6)(A) and in fact predates the adoption of the at-issue version of the rule.

The best reading of Bankruptcy Rule 3002(c)(6)(A)'s text is that a creditor may be afforded relief under the rule if the creditor lacked sufficient notice "because of" a debtor's failure to file a list that includes the name and address of the creditor seeking to have its claim deemed timely under the rule, because, for reasons described below, Bankruptcy Rule 1007(a) requires the inclusion of all known creditors in the debtor's matrix of creditors, such that an incomplete matrix does not constitute one "required by" Bankruptcy Rule 1007. *See Mazik*, 592 B.R. at 818 (granting relief under Bankruptcy Rule 3002(c)(6)(A), stating that "the omission of the creditor from the filed list constitutes a failure to comply with the requirement in Rule 1007(a) that the list" be complete). A creditor could obtain relief under Bankruptcy

Rule 3002(c)(6)(A), then, if the creditor received "insufficient" notice as a result of a debtor's failure to include the creditor or its correct address in the debtor's matrix of creditors. *Cf. Vanderpol*, 606 B.R. at 432 (granting relief under Bankruptcy Rule 3002(c)(6)(A) despite the court's view that the "second sentence refers only to the timely filing of a Creditor Matrix," not focusing on the significance of the rule's inclusion of the words "required by [Bankruptcy] Rule 1007(a)").

This interpretation is consistent with the functions and purpose of creditor lists under the Bankruptcy Code and Rules, gives effect to the full text of Bankruptcy Rule 3002(c)(6)(A), and avoids a reading that arguably conflicts with the requirements of due process.

In a voluntary Chapter 7 case, Bankruptcy Rule 1007(a)(1) requires that "[a] debtor . . . file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Schedule E/F requires debtors to provide a list of creditors with unsecured claims, and instructs the debtor to "[b]e as complete and accurate as possible." Official Form 206E/F, *available at* https://www.uscourts.gov/sites/default/files/form_b206ef_0.pdf. While simply a list of creditors' names and addresses, a creditor matrix is "critically important . . . because it is used by the debtor, the Clerk of Court, and other parties in interest as the service list when either the Code or Rules require service of a pleading on 'all creditors.'" *Ditech*, 2021 WL 28072, at *6 n.18. The requirements of Bankruptcy Rule 1007(a)(1) implement and are reinforced by Section 521(a)(1) of the Bankruptcy Code, which requires debtors to file, among other things, a "list of creditors." 11 U.S.C. § 521(a)(1); *see* Fed. R. Bankr. P. 1007, Notes of Advisory Committee on Rules—1983 (stating that the list required under subsection (a) of Bankruptcy Rule 1007 "will . . . serve to meet the requirements of [then] § 521(1) of the Code"); *In re Albini*,

2004 WL 943908, at *4 (Bankr. D. Conn. Mar. 5, 2004) ("Bankruptcy Rule 1007(a)(1)—

implementing Code Section 521(1) . . . instructs a debtor to 'file with the petition a list

containing the name and address of each creditor . . . .'"); *see also In re Medaglia*, 52 F.3d 451,

453 (2d Cir. 1995) (noting that the debtor filed a "list of creditors, including addresses, as

required by § 521(1) of the Code and Fed. R. Bankr. P. 1007(a)(1)"); *Ditech*, 2021 WL 28072, at

*7 (same, discussing both *Medaglia* and *In re Alton*, 837 F.2d 457 (11th Cir. 1988)).

Thus, applicable Bankruptcy Code and Rule provisions require the filing of a list of all

known creditors[4]; this conclusion is reinforced by Fifth Amendment due process considerations,

which "dictate[] that a debtor's creditors receive notice of the debtor's bankruptcy case and

applicable bar date so that creditors have an opportunity to make any claims they may have

against the debtor's estate."  *In re XO Communications, Inc.*, 301 B.R. 782, 791–92 (Bankr.

S.D.N.Y. 2003) (citing *In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 679 (Bankr.

S.D.N.Y. 1993) (a "claim against the [bankruptcy] estate[] constitutes property within the

meaning of the Amendment [] and cannot be forfeited through proceedings lacking in due

process")); *see also In re U.S.H. Corp. of N.Y.*, 223 B.R. 654, 658 (Bankr. S.D.N.Y. 1998) (if

Chapter 11 debtor does not give "reasonable notice" to creditor of bankruptcy proceeding and

bar date, the creditor's proof of claim cannot be constitutionally discharged).

---

[4]   The Trustee does not question KLDiscovery's status as a "known" creditor, arguing only that KLDiscovery had "actual notice" of the bankruptcy and therefore is not entitled to relief under Bankruptcy Rule 3002(c)(6)(A), and arguing neither that KLDiscovery had constructive notice, nor that constructive notice would have been legally sufficient. *See Ditech*, 2021 WL 28072, at *5 ("[A]ctual notice is required if the creditor is a 'known' creditor," although "constructive notice is sufficient where a creditor is 'unknown.'") (quoting *DePippo v. Kmart Corp.*, 335 B.R. 290, 295–96 (S.D.N.Y. 2005)).  And KLDiscovery makes the unchallenged representation that it has not been compensated for services it performed for Debtors both before and after the Petition Date, while the Trustee relies for other purposes on its counsel's pre-Bar Date discovery-related communications with KLDiscovery staff.  These facts confirm that KLDiscovery was a "known" creditor.  *See In re Queen Elizabeth Realty Corp.*, Case No. 13-12335 (SMB), 2017 WL 1102865, at *3 (Bankr. S.D.N.Y. Mar. 24, 2017) (A creditor is considered "known" if its identity is "either known or 'reasonably ascertainable by the debtor.'") (quoting *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).

At least two important principles of statutory interpretation support allowing relief under Rule 3002(c)(6)(A) for a creditor that did not receive notice due to omissions or errors in a Chapter 7 debtor's creditors matrix. First, this conclusion gives effect to the totality of the language in the rule, including the phrase "required by [Bankruptcy] Rule 1007(a)," because an incomplete matrix does not meet the requirements of that rule. *See Mazik*, *supra*.

Second, allowing the possibility of relief to a creditor who received no notice whatsoever due to the creditor's omission from a timely filed creditor matrix avoids a likely conflict with constitutional due process requirements. As noted, due process requires affording creditors notice of the bankruptcy and of their obligation to act to protect their rights. *See, e.g.*, *XO Communications*, *supra*. Reading the rules as foreclosing relief for a creditor who was not afforded such notice would create, at a minimum, a serious potential of unconstitutional application of the rule, and thus would be incompatible with the canon of constitutional avoidance. *See Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575 (1988) ("[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress"); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA*, 846 F.3d 492, 519 (2d Cir. 2017) ("[I]f one of two competing statutory interpretations 'would raise a multitude of constitutional problems, the other should prevail'") (citations omitted).

Thus, KLDiscovery is correct that Bankruptcy Rule 3002(c)(6)(A) permits relief based on the filing of a timely but incomplete creditor matrix, if KLDiscovery can show that, in the circumstances, any notice it received was "insufficient" to give it a reasonable opportunity to file a proof of claim by the Bar Date.

14

B. KLDiscovery Received Insufficient Notice in the Circumstances and Therefore Is
Entitled to Relief Under Bankruptcy Rule 3002(c)(6)(A)

The Court concludes that KLDiscovery indeed received notice that was "insufficient" to

give it a reasonable opportunity to file its proof of claim by the initial Bar Date.

To recap the evidence summarized above, KLDiscovery did not receive any formal

notice from the Court or at the Court's direction of the filing of the bankruptcy, nor of the 341

meeting or the establishment of the Bar Date.  The Trustee nevertheless emphasizes pre-Bar Date

communications with KLDiscovery employees that referenced the bankruptcy, and argues that,

under agency principles that assertedly impute employees' knowledge to their employing

corporation, KLDiscovery had "actual knowledge" of the bankruptcy, such that it cannot be said

to have been prevented from timely filing a claim by the Debtors' failure to include

KLDiscovery in their creditor matrixes.  Opposition ¶¶ 12, 15 (citing cases holding that creditors

with actual knowledge of a bankruptcy in time to file a proof of claim are not entitled to relief

under various Code provisions and Bankruptcy Rules); *id.* ¶¶ 16-20 (reviewing evidence of

asserted notice to KLDiscovery).

KLDiscovery has the better of the argument concerning notice.  As the Trustee

acknowledges and KLDiscovery emphasizes, an agent's knowledge is "imputed to the principal"

only where an agent employed to perform certain duties for the principal acquires knowledge

that is "material to those duties."  Opposition ¶ 17 (quoting *Apollo Fuel Oil v. United States*, 195

F.3d 74, 76 (2d Cir. 1999)).  And KLDiscovery is correct that "no employee of KLDiscovery

with any connection to the bankruptcy case, or addressing bankruptcy cases generally, was

provided notice until well after the bar date had elapsed."  Reply ¶ 5; *see generally* Orlando

Decl.  Rather, the communications went to personnel who were performing discovery-related

work for Debtors that KLDiscovery had been retained to do, referring generally to the filing of a

15

bankruptcy, and coordinating with KLDiscovery and Trustee personnel to provide Trustee counsel access to discovery materials. *See supra* at 6 (detailing communications).[5]  Indeed, as KLDiscovery observes, none of these communications identified the Chapter 7 proceedings or the existence of any applicable bar date.  Reply at 4 n.9.  As the Reply and the Orlando Declaration establish, KLDiscovery's accounts receivable personnel first learned of the bankruptcy in October 2020, more than four months after the Bar Date.  Orlando Decl. ¶¶ 1, 3.

Finally, the conclusion that KLDiscovery is entitled to an extension of time to file its claim defeats the Trustee's position that KLDiscovery's late filing of its claim causes it to be entitled only to third-priority distributions under Section 726(a)(3).  Opposition ¶¶ 11-12.  The effect of the Court's ruling is to render KLDiscovery's claim timely, as opposed to "tardily filed," such that it is not consigned to third-priority status under Section 726.  And the fact that this result will dilute other creditors' recoveries, Opposition ¶ 21, is merely the byproduct of the proper classification of all creditors' claims—not a reason to deny the Motion.

When its requirements are met, Bankruptcy Rule 3002(c)(6) authorizes the extension of time to file a claim for not more than 60 days from the date of the order granting the motion. Here, however, KLDiscovery has already filed its proof of claim.  The Court therefore allows an

---

[5]    *See* Kusmin Decl. ¶ 3 (In December 2019, Helios instructed KLDiscovery to work with counsel representing Helios in government investigation); Kaplan Decl. ¶ 4 (On February 13, 2020, an associate at the firm representing Helios in the investigation emailed a senior project manager, Moira Sweazey, regarding the discovery project, and "noted in that email that the Debtor had filed for bankruptcy"); Kusmin Decl., Ex. A at 5-6 (email excerpts showing that, on February 14, 2020, Helios's investigation counsel emailed Sweazey, introduced an attorney for the Trustee, and asked her to share documents with that attorney "in connection with the proceedings" referenced in a prior email, namely, the bankruptcy, and on February 18, 2020, the Trustee's attorney replied and referenced "the review platform . . . the Trustee will be setting up"); Kusmin Decl., Ex. A at 1 (same email chain including email from Sweazey dated February 19, 2020, adding KLDiscovery employee Elizabeth Ashley to the chain; February 23 email from Trustee counsel referencing "the debtors' vendor").  The Trustee's Opposition also points to acknowledged post-Petition Date communications that occurred on an unspecified date with a KLDiscovery accounts receivable employee named Shea Orlando, Opposition ¶ 3(d), but in its reply KLDiscovery provided a declaration by Orlando attesting that Orlando "first learned of the bankruptcy filing . . . on or about October 15, 2020," well after the bar date, and then, on October 19, "contacted the Trustee in this matter to inquire about outstanding invoices . . . including [for] work continuing through October 12, 2020. . . ."  Orlando Decl. ¶¶ 1, 3.

extension of time up to the date of this order associated with this opinion, thereby deeming

KLDiscovery's already-filed amended proof of claim to have been timely filed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court grants the Motion.  KLDiscovery shall settle an

order on three business days' notice.  The proposed order must be submitted by filing a notice of

the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the

proposed order attached as an exhibit to the notice.  A copy of the notice and proposed order

shall also be served upon the Chapter 7 Trustee.


IT IS SO ORDERED.

Dated: New York, New York                    _____*s/ David S. Jones*_____
      May 25, 2021                         HONORABLE DAVID S. JONES
                                      UNITED STATES BANKRUPTCY JUDGE